## Foreman v. Schroeder

*Greevey, Knittle & Mitchell*, for plaintiffs.
*Chas. R. Bidelspacher*, for defendants.

WOOD, J., July 9, 1965.—Plaintiffs seek to enjoin construction and operation of a public swimming pool on property of Loyalsock Township by the Loyalsock Community Swimming Pool Association, a nonprofit corporation, hereinafter termed "association". The pool site is part of a parcel of 14.062 acres conveyed to the township by the Commonwealth of Pennsylvania for community recreational use. Other portions of the parcel are now used for recreational purposes under the direction and authority of a recreation commission appointed by the board of supervisors, pursuant to provisions of The Second Class Township Code of July 10, 1947, P. L. 1481, as amended. Plaintiffs, who include residents of the surrounding neighborhood, taxpayers and members of the association, claim that the construction and operation of a pool by the association, as proposed, should be enjoined because:

1. Maintenance of the swimming facilities planned would constitute a nuisance, and would result in a

substantial decrease in values of the properties of the vicinity.

2. The board of supervisors did not submit the proposal to the township recreation board for approval.

3. Solicitation of pool construction funds was based in part upon a statement or an assurance that the pool would be constructed at another site.

4. Construction and maintenance of the pool as now proposed would be contrary to the interests of members of the association.

5. Construction would be in violation of the zoning ordinance of the township.

6. Construction and operation as proposed is contrary to article III, sec. 20, of the Constitution of Pennsylvania.

7. Construction of the pool on township property in the manner proposed is contrary to the provisions of The Second Class Township Code.

Upon the basis of evidence adduced the court makes the following findings of fact pertaining to plaintiffs' right to relief sought:

### FINDINGS OF FACT

1. Loyalsock Township acquired title to the land by conveyance from the Commonwealth of Pennsylvania in 1956, which conveyance restricted the area acquired to community recreational use.

2. The recreation area owned by the township contains 14.062 acres.

3. Present recreational facilities at the area include a baseball field, swings and courts for tennis, volleyball and basketball.

4. Loyalsock Township established a recreation commission as provided by The Second Class Township Code on December 23, 1958.

5. An organized effort to establish swimming pool facilities in Loyalsock Township was initiated in the

summer of 1964 by an informal group of township residents.

6. The residents' group investigated various sites, including the subject site, during the summer and early fall of 1964.

7. A campaign for construction funds was undertaken by the organization in the latter part of 1964, resulting in the contribution and pledging of funds totalling approximately $72,000.

8. The campaign publicity included a statement that the proposed pool would be constructed at a site other than that here concerned. Also, it was stated that persons contributing $100 or more would use the pool facilities the first year without charge, and would pay $10 a season during the second and third years of pool operation. Further, "charter families" would pay one half, or less, of the season ticket charge after the first three years.

9. A nonprofit corporation, the Loyalsock Community Swimming Pool Association, was formed by the residents' organization on November 19, 1964. The principal purpose of the corporation is "to acquire land, to construct, operate and maintain a public swimming pool and other public recreational facilities thereon, for public use by all children and by all adults residing in the Township of Loyalsock, Lycoming County, Pennsylvania, . . ."

10. The association lists 537 charter members (persons who have contributed $100 or more).

11. On January 19, 1965, a 90 day option to purchase privately owned land as a pool site was negotiated by the association.

12. The association authorized exercise of the said purchase option February 7, 1965, but the option was not exercised during the option period.

13. On or about February 9, 1965, the Board of Supervisors of Loyalsock Township proposed use of the

subject site in the township recreation area for the construction and operation of the association swimming pool.

14. The said proposal by the supervisors was not submitted to the township recreation commission for consideration or approval.

15. The site on township land includes all or most of an area designated earlier by the recreation commission for construction of a baseball field.

16. The persons entitled to use the proposed pool, on either a membership or a fee basis, would include:

(a) All residents of the township,

(b) All persons employed in the township, and their families,

(c) All charter members of the association and their families.

17. Intended uses of the pool include recreational swimming, swimming instruction and occasional competitive swimming events.

18. The agreement between the township board of supervisors and the pool association includes the following provisions:

(a) The association pool and related facilities will be constructed on a designated location in the township recreation area.

(b) The association shall have no power to assign its rights.

(c) The pool users shall be limited to the number established by the Pennsylvania Department of Health regulations or policies, approximately 1,000 persons at any one time within the pool enclosure.

(d) The costs of construction shall be paid by the association, and the pool will be operated by the association.

(e) Use of the pool and related facilities shall con-

form with the terms of the Commonwealth deed, which limits use of the area to "community recreational purposes".

## DISCUSSION

Generally, the construction of a swimming pool for use by the residents of a municipality is to be encouraged, particularly when natural facilities are unsuitable, hazardous or remote from the principal residential area. Furthermore, since easy access is an important consideration where youngsters are concerned, it is desirable that such facilities be located reasonably close to the center of population. Inevitably, this both benefits and burdens surrounding neighborhoods.

The parties to this proceeding devoted themselves largely to the production of evidence bearing upon the effects of the proposed installation on the use and values of nearby residences. A study of the law bearing on this aspect of the problem has not disclosed a firm basis for the restraint of construction and operation of a pool in a neighborhood such as that here concerned, provided restrictive requirements are established for the maximum protection of the rights of the residents concerned. However, the prayer of plaintiffs for an injunction must be granted, for the reason that the intended construction and operation is considered to be contrary to article III, sec. 20, of the Constitution of the Commonwealth of Pennsylvania.

A municipality, as a governmental agent of the Commonwealth, is subject to the same prohibition as is the legislature against delegation of the management of municipal property to a private corporation. Further, this prohibition is not restricted in its application to municipal property operated for or devoted to governmental functions, but applies as well to property used by a municipality in its proprietary capacity: Lighton v. Abington Township, 336 Pa. 345

(1939). Since the Constitution specifically deprives the State of power to delegate management of municipal property to a private corporation, the township cannot so delegate. Article III, sec. 20, of the Constitution prohibits delegating to any private corporation the "power to make, supervise or interfere with any municipal improvement, . . ., property or effects, whether held in trust or otherwise, or to levy taxes or perform any municipal function whatever".

It may be argued that the circumstances of this case and the public benefit to be derived from the proposed pool justify an exception to the rule stated. Obviously, the township supervisors and the association acted with the intention to serve the public welfare, and there is much to be said in favor of their action. However, the court is bound to accept and apply the limitations established by the Constitution; it is not free to exercise discretion in areas of the law where the Constitution speaks. When constitutional words are plain, it is required that they be given their common meaning, for it is considered that the voters must have understood them in that sense when they adopted the Constitution: Breslow v. Baldwin Township School District, 408 Pa. 121 (1962).

The facts in this case vary materially from those in the case of Bernstein v. Pittsburgh, 366 Pa. 200 (1951), wherein the Pennsylvania Supreme Court ruled article III, sec. 20, of the Constitution inapplicable. In that case, the recreational facility was erected, maintained and controlled by the municipality. It was leased during the summer months for the provision of public entertainment.

The later case of Cohen v. Samuel, 367 Pa. 268 (1951), concerned facts more closely related to those here involved. However, it did not establish a precedent controlling the decision in this case, since the constitutional prohibition was not involved; it concerned the

powers of the Fairmount Park Commission of Philadelphia under Acts of Assembly of 1867, 1868 and 1870. These acts antedated the constitutional provision involved in this case. As the Supreme Court of Pennsylvania noted in its opinion in Lighton v. Abington Township, supra, the constitutional convention adopted a "prohibition more comprehensive" than a mere restriction on the power of taxation. We consider that Loyalsock Township clearly is subject to the constitutional prohibition. It is obliged to make and supervise municipal improvements in the township, and to supervise directly its municipal property. Further, it must do so in conformity with the provisions of The Second Class Township Code.

In view of the fact that what is proposed to be done by the township and the association is in violation of the Constitution, it is not necessary to consider or to pass upon the other objections made by plaintiffs.

### CONCLUSION OF LAW

The proposed agreement between the Loyalsock Township Board of Supervisors and the Loyalsock Community Swimming Pool Association is contrary to article III, sec. 20, of the Constitution of the Commonwealth of Pennsylvania.

### DECREE NISI

And now, to wit, July 9, 1965, upon consideration of the foregoing, it is ordered, adjudged and decreed as follows:

1. That a decree be and hereby is entered in favor of plaintiffs.

2. That the Loyalsock Community Swimming Pool Association is hereby enjoined from constructing a swimming pool and related facilities on the subject lands of Loyalsock Township.

3. That defendant association shall pay the costs of these proceedings.

The prothonotary is directed to enter this decree as a decree nisi and to give notice to the parties or their counsel of record of the entry hereof. If no exceptions be filed within 20 days thereafter, this decree shall be entered by the prothonotary as a final decree.